UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JESSIE FIELDS, LOOKMAN SULAIMON,
PATRICIA JOHNSON, FELICIA NOEL,
FRANCISCO NIEVES, LAKYSHA ALLEN,
YOLANDA THOMAS, YVONNE LANE,
CHERI ROACH, DAVID BELL, ROSE MIDDLETON,
and THANIA ACOSTA,

Civ. No. 19-11368 (ER)(KNF)

Plaintiffs,

**DEFENDANTS' ANSWER
TO THE FIRST AMENDED
COMPLAINT**

-against-

GREGORY RUSS, as Chair and Chief Executive Officer
of the New York City Housing Authority, and the
NEW YORK CITY HOUSING AUTHORITY,

Defendants.

------------------------------------------------------------------x

Defendants Gregory Russ ("Russ"), as Chair and Chief Executive Officer of the New

York City Housing Authority ("NYCHA"), and NYCHA (together, "Defendants"), by their

attorney, Lisa Bova-Hiatt, Executive Vice President for Legal Affairs and General Counsel of

NYCHA (Andrew M. Lupin, of counsel), answer the First Amended Complaint of Plaintiffs

Jessie Fields ("Fields"), Lookman Sulaimon ("Sulaimon"), Patricia Johnson ("Johnson"), Felicia

Noel ("Noel"), Francisco Nieves ("Nieves"), Lakysha Allen ("Allen"), Yolanda Thomas

("Thomas"), Yvonne Lane ("Lane"), Cheri Roach ("Roach"), David Bell ("Bell"), Rose

Middleton ("Middleton"), and Thania Acosta ("Acosta") (collectively, "Plaintiffs") as follows:

## PRELIMINARY STATEMENT

1.      Deny the allegations in paragraph 1, except admit Plaintiffs purport to seek the

relief stated therein

2.      Deny the allegations in paragraph 2, including footnotes 1 and 2, except admit

Plaintiffs are public housing tenants; and respectfully refer this Court to the 2019 Income and

Affordability Study and the City Limits article cited therein for their full and accurate content.

3. Deny the allegations in paragraph 3, including footnote 3; and respectfully refer this Court to the Manual cited therein for its complete and accurate content.

4. Deny the allegations in paragraph 4; and respectfully refer this Court to the Brooke Amendment of the United States Housing Act of 1937 ("Housing Act") cited therein for its complete and accurate content.

5. Deny the allegations in paragraph 5, including footnote 4; and respectfully refer this Court to the report cited therein for its complete and accurate content.

6. Deny the allegations in paragraph 6, including footnote 5, except admit NYCHA, in May 2020 in response to the Coronavirus pandemic, permitted tenants to self-certify income loss until further notice; and respectfully refer this Court to the article cited therein for its complete and accurate content.

7. Deny the allegations in paragraph 7, except admit NYCHA's policies are well-intended.

8. Deny the allegations in paragraph 8, including subparagraphs a, b, c, d, e, and f.

9. Deny the allegations in paragraph 9.

10. Deny the allegations in paragraph 10, except admit Plaintiffs purport to seek the relief stated therein.

## JURISDICTION AND VENUE

11. Deny the allegations in paragraphs 11 and 12, except admit this Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. Sections 1331, 1342(a)(3), and 1337; and respectfully refer this Court to the statutes cited therein for their complete and accurate

content.

12.     Deny the allegations in paragraph 13; and respectfully refer the Court to the relevant statute and rules for their complete and accurate content.

13.     Deny the allegations in paragraph 14, except admit venue of this action properly lies in the United States District Court for the Southern District of New York.

## PARTIES

*Plaintiffs*

14.     Deny the allegations in paragraph 15, except admit Fields resided at 74 Roxbury Street, Apartment 1A, in a public housing development in Staten Island; and aver Fields vacated the apartment in February 2020.

15.     Deny the allegations in paragraph 16, except admit Sulaimon resides at 1307 Loring Avenue, Apartment 7C, in a public housing development in Brooklyn.

16.     Deny the allegations in paragraph 17, except admit Johnson resides at 2680 8th Avenue, Apartment 4A, in a public housing development in Manhattan.

17.     Deny the allegations in paragraph 18, except admit Noel resides at 176 Schmidts Lane, Apartment 1C, in a public housing development in Staten Island.

18.     Deny the allegations in paragraph 19, except admit Nieves resides at 80 Roxbury Street, Apartment 3C, in a public housing development in Staten Island.

19.     Deny the allegations in paragraph 20, except admit Allen resides at 778 Henderson Avenue, Apartment 2C, in a public housing development in Staten Island.

20.     Deny the allegations in paragraph 21, except admit Thomas resides at 415 Lafayette Avenue, Apartment 5B, in a public housing development in Brooklyn.

21.     Deny the allegations in paragraph 22, except admit Lane resides at 865 Gates Avenue, Apartment 2A, in a public housing development in Brooklyn.

22.     Deny the allegations in paragraph 23, except admit Roach resides at 1350 Fifth Avenue, Apartment 3A, in a public housing development in Manhattan.

23.     Deny the allegations in paragraph 24, except admit Bell resides at 2175 Lacombe Avenue, Apartment 1E, in a public housing development in the Bronx.

24.     Deny the allegations in paragraph 25, except admit Middleton resides at 105 Astoria Blvd., Apartment 1D, in a public housing development in Queens.

25.     Deny the allegations in paragraph 26, except admit Acosta resides at 154 Avenue D, Apartment 4C, in a public housing development in Manhattan.

*Defendants*

26.     Deny the allegations in paragraph 27, except admit NYCHA was established by the New York State Legislature, NYCHA enters into an Annual Contributions Contract with the Department of Housing and Urban Development ("HUD"), and NYCHA maintains its principal place of business in New York County; and respectfully refers this Court to the section of the New York Public Housing Law cited therein for its full and accurate content.

27.     Deny the allegations in paragraph 28, except admit Russ is the Chair and Chief Executive Officer of NYCHA.

## STATUTORY AND REGULATORY SCHEME

*The Due Process Clause of the Fourteenth Amendment*

28.     Deny the allegations in paragraphs 29 and 30; and respectfully refer this Court to the Fourteenth Amendment of the United States Constitution cited therein for its full and

accurate content.

*Public Housing Under the U.S. Housing Act and Amendments*

29.     Deny the allegations in paragraphs 31 and 32, and respectfully refer this Court to the sections of the Housing Act, regulations, and HUD Guidebook cited therein for their full and accurate content.

*Income Examinations and Rent Determinations*

30.     Deny the allegations in paragraphs 33 through 38, including footnotes 7 and 8; and respectfully refer this Court to the sections of the Housing Act and the regulations cited therein for their full and accurate content.

31.     Deny the allegations in paragraph 39, except admit Sulaimon resides in a mixed-citizenship household; and respectfully refer this Court to the sections of the Housing Act and the regulations cited therein for their full and accurate content

*HUD Requirements for Interim Rent Changes*

32.     Deny the allegations in paragraph 40, except admit births, deaths, marriages, divorces, household departures, changes in income, and medical and family emergencies affect household composition and income.

33.     Deny the allegations in paragraph 41, except admit tenants have the right to request an interim reexamination of their family income and composition; and respectfully refer this Court to the regulation cited therein for its full and accurate content.

34.     Deny the allegations in paragraph 42, except admit public housing agencies process interim reexaminations if certain circumstances are met; and respectfully refer this Court to the section of the HUD Guidebook cited therein for its full and accurate content.

35.     Deny the allegations in paragraph 43; and respectfully refer this Court to the regulation cited therein for its full and accurate content.

36.     Deny the allegations in paragraphs 44 and 45; and respectfully refer this Court to the regulations and sections of the HUD Guidebook cited therein for their full and accurate content.

***NYCHA Policies on Interim Rent Changes and Housing Court Proceedings***

37.     Deny the allegations in paragraph 46, except admit HUD permits public housing agencies to establish their own written policies regarding income and household composition reporting requirements; and respectfully refer this Court to the regulations and Manual cited therein for their full and accurate content.

38.     Deny the allegations in paragraphs 47 through 49, including footnote 9; and respectfully refer this Court to the Manual cited therein for its full and accurate content.

39.     Deny the allegations in paragraph 50; and respectfully refer this Court to the Manual cited therein for its full and accurate content.

## STATEMENT OF FACTS

40.     Deny the allegations in paragraphs 51 through 59.

***Individual Plaintiffs***

41.     Deny the allegations in paragraph 60.

***Jessie Fields***

42.     Deny the allegations in paragraphs 61 and 62, except admit Fields resided at 74 Roxbury Street, Apartment 1A, in a public housing development in Staten Island, and admit Fields is 83 years old; and aver Fields vacated the apartment in February 2020.

6

43.     Deny the allegations in paragraph 63.

44.     Deny the allegations in paragraph 64, except admit Fields's granddaughter was employed in 2018.

45.     Deny the allegations in paragraph 65, except admit Fields did not pay her rent and NYCHA commenced a nonpayment proceeding in Housing Court.

46.     Deny the allegations in paragraph 66, except admit management processed an interim rent change in January 2019 and management reduced Fields's rent; and aver NYCHA issued Fields a $855.00 retroactive credit.

47.     Deny the allegations in paragraph 67, except admit management processed another interim rent change in March 2019 and management reduced Fields's rent; and aver NYCHA issued Fields a $1,305.00 retroactive credit.

48.     Deny the allegations in paragraphs 68 and 69.

***Lookman Sulaimon***

49.     Deny the allegations in paragraphs 70 through 72, except admit Sulaimon resides at 1307 Loring Avenue, Apartment 7C, in Pink Houses, a public housing development in Brooklyn, Sulaimon has resided in the development for more than 20 years, and, on information and belief, Sulaimon resides with his wife and mother.

50.     Deny the allegations in paragraphs 73 and 74, except admit Sulaimon's rent in January 2018 was $1,065.00 and Sulaimon was self-employed, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Sulaimon's health in April 2018 and his ability to work.

51.     Deny the allegations in paragraph 75, except admit Sulaimon's wife earned

$18,173.79 in 2018.

52. Deny the allegations in paragraph 76, except admit NYCHA commenced a nonpayment proceeding in Housing Court in 2018.

53. Deny the allegations in paragraph 77, except admit Sulaimon requested an interim rent change in July 2018.

54. Deny the allegations in paragraph 78.

55. Deny the allegations in paragraphs 79 and 80; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Sulaimon believed his rent problems were over.

56. Deny the allegations in paragraph 81, except admit NYCHA commenced a nonpayment proceeding in Housing Court, Sulaimon requested a rent grievance, and the rent grievance is still pending resolution.

57. Deny the allegations in paragraph 82, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Sulaimon's obligation to repay the one-shot deal.

58. Deny the allegations in paragraph 83.

***Patricia Johnson***

59. Deny the allegations in paragraphs 84 through 86, except admit Johnson resides at 2680 8th Avenue, Apartment 4A, in Drew Hamilton Houses, a public housing development in Manhattan, and, on information and belief, Johnson resides with her brother and three sisters.

60. Deny the allegations in paragraph 87, except admit Johnson's rent increased because of a mistake regarding the amount of unemployment benefits Johnson's sister received.

61.     Deny the allegations in paragraphs 88 and 89.

62.     Deny the allegations in paragraph 90, except admit NYCHA commenced a nonpayment proceeding in Housing Court.

63.     Deny the allegations in paragraph 91; and aver NYCHA has issued Johnson a $7,097.00 retroactive credit.

64.     Deny the allegations in paragraph 92.

65.     Admit the allegations in paragraph 93.

66.     Deny the allegations in paragraphs 94 and 95.

*Felicia Noel*

67.     Deny the allegations in paragraph 96, except admit Noel resides at 176 Schmidts Lane, Apartment 1C, in a public housing development in Staten Island.

68.     Deny the allegations in paragraph 97, except admit, on information and belief, Noel resides with her son.

69.     Deny the allegations in paragraphs 98 and 99, except admit Noel was employed for the majority of 2018 and Noel's household income is derived from her employment income and her son's Supplemental Security Income.

70.     Deny the allegations in paragraph 100, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Noel applied for public assistance in January 2019.

71.     Deny the allegations in paragraph 101, except admit Noel received rental assistance from the Human Resources Administration ("HRA") in February 2019.

72.     Deny the allegations in paragraph 102, except deny knowledge or information

sufficient to form a belief as to the truth of the allegations regarding when Noel returned to work.

73.     Deny the allegations in paragraph 103, except admit Noel failed to pay her rent and NYCHA commenced a nonpayment proceeding in Housing Court.

74.     Deny the allegations in paragraph 104, except admit NYCHA stipulated in Housing Court to conduct an interim recertification and NYCHA reduced Noel's rent to $596.00 effective November 1, 2019.

75.     Deny the allegations in paragraphs 105 and 106.

*Francisco Nieves*

76.     Deny the allegations in paragraphs 107 and 108, except admit Nieves resides at 80 Roxbury Street, Apartment 3C, in a public housing development in Staten Island, and, on information and belief, he resides with his partner and son.

77.     Deny the allegations in paragraph 109, except admit Nieves's partner works fulltime over the summer.

78.     Deny the allegations in paragraph 110; and aver NYCHA issued Nieves a $2,060.00 retroactive credit on February 2, 2019.

79.     Deny the allegations in paragraph 111, except admit Nieves failed to fully pay his rent and NYCHA commenced a nonpayment proceeding in Housing Court.

80.     Deny the allegations in paragraph 112, except admit HRA issued Nieves a one-shot deal; and aver NYCHA reduced Nieves's rent after he requested an interim rent change and issued Nieves a $1,839.00 retroactive credit on May 2, 2019.

81.     Deny the allegations in paragraphs 113 and 114.

*Lakysha Allen*

82.     Deny the allegations in paragraph 115, except admit Allen resides at 778 Henderson Avenue, Apartment 2C, in a public housing development in Staten Island.

83.     Deny the allegations in paragraph 116, except admit, on information and belief, Allen resides with her daughter.

84.     Deny the allegations in paragraph 117, except admit Allen supplements her employment income by working at a temp agency.

85.     Deny the allegations in paragraph 118; and aver NYCHA increased Allen's rent to $1,859.00 (excluding utilities), which was the ceiling rent for a three-bedroom apartment in 2019.

86.     Deny the allegations in paragraph 119, except admit Allen failed to fully pay her rent and NYCHA commenced a nonpayment proceeding in Housing Court.

87.     Deny the allegations in paragraphs 120 and 121, except admit NYCHA processed an interim change effective October 1, 2019.

88.     Deny the allegations in paragraphs 122 and 123.

*Yolanda Thomas*

89.     Deny the allegations in paragraphs 124 through 126, except admit Thomas resides at 415 Lafayette Avenue, Apartment 5B, in Lafayette Gardens, a public housing development in Brooklyn, and, on information and belief, Thomas resides with her son and daughter.

90.     Deny the allegations in paragraph 127, except admit NYCHA commenced a nonpayment proceeding in Housing Court.

91.     Deny the allegations in paragraph 128, except admit HRA issued Thomas a

$5,125.93 one-shot deal in January 2019.

92. Deny the allegations in paragraph 129, except admit NYCHA commenced an administrative termination-of-tenancy proceeding and served Thomas with a notice, dated January 14, 2019, charging her with chronic rent delinquency.

93. Deny the allegations in paragraph 130, except admit Thomas's rent was $1,055.00 effective April 1, 2019; and aver NYCHA's determination of Thomas's rent predated her change from full- to part-time employment and the corresponding reduction in her income.

94. Deny the allegations in paragraph 131.

95. Deny the allegations in paragraph 132, except admit management received Thomas's earning statements on May 23, 2019.

96. Deny the allegations in paragraph 133; and aver management processed an interim rent change in July 2019, management reduced Thomas's rent, and management issued Thomas a $979.00 retroactive credit.

97. Deny the allegations in paragraph 134.

98. Deny the allegations in paragraph 135, including so much of that paragraph as alleges NYCHA has not properly adjusted Thomas's rent.

99. Deny the allegations in paragraph 136.

***Yvonne Lane***

100. Deny the allegations in paragraphs 137 and 138, except admit Lane resides at 865 Gates Avenue, Apartment 2A, in Stuyvesant Gardens, a public housing development in Brooklyn.

101. Deny the allegations in paragraph 139, except admit, on information and belief,

Lane resides with her daughter and granddaughter.

102.    Deny the allegations in paragraph 140, except admit Lane earned employment wages; and aver her monthly rent in May 2018 was $1,391.00.

103.    Deny the allegations in paragraph 141.

104.    Deny the allegations in paragraph 142, except admit management issued a lease addendum and rent notice on September 21, 2018 stating Lane's new rent would be $428.00 beginning on October 1, 2018; and aver management issued credits covering overcharges in September, October, and November 2018.

105.    Deny the allegations in paragraph 143, except admit NYCHA commenced a nonpayment proceeding against Lane in Housing Court.

106.    Deny the allegations in paragraph 144, except admit Lane requested a rent grievance.

107.    Deny the allegations in paragraph 145, except admit the Property Manager and the Regional Asset Manager denied Lane's rent grievance; and aver she was not entitled to a retroactive credit covering August 2018 because she did not submit income information until August 30, 2018.

108.    Deny the allegations in paragraph 146.

109.    Deny the allegations in paragraph 147.

*Cheri Roach*

110.    Deny the allegations in paragraph 148, except admit Roach resides at 1350 Fifth Avenue, Apartment 3A, in King Towers, a public housing development in Manhattan, and, on information and belief, she resides with two other family members.

111.     Deny the allegations in paragraph 149, except admit Roach submitted an affidavit of income in July 2015; and aver Roach's rent was $936.00 effective August 1, 2015 based on a projected annual net household income of $37,453.80.

112.     Deny the allegations in paragraph 150, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding if, when, or why Roach's brother stopped working.

113.     Deny the allegations in paragraph 151.

114.     Deny the allegations in paragraph 152, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding if or when Roach lost her business.

115.     Deny the allegations in paragraph 153, except admit Roach's rent continued to accumulate.

116.     Deny the allegations in paragraph 154, except admit NYCHA commenced a nonpayment proceeding against Roach in Housing Court.

117.     Deny the allegations in paragraph 155, except admit Roach was instructed in Housing Court to visit the management office on August 9, 2017.

118.     Deny the allegations in paragraph 156, except admit Roach entered into a stipulation in Housing Court dated September 1, 2017 in which she admitted she owed $10,294.94 as of that date.

119.     Deny the allegations in paragraphs 157 through 159; and aver Roach did not request a rent grievance or submit an affidavit of income until December 12, 2018 even though management sent multiple letters, dated June 3, 2017, July 8, 2017, August 18, 2017, October 3,

2017, November 14, 2017, August 24, 2018, and September 8, 2018, notifying her she had not submitted her annual affidavits of income and inviting her to the management office.

120. Deny the allegations in paragraphs 160 and 161, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the circumstances of Roach's retention of Manhattan Legal Services.

121. Deny the allegations in paragraph 162, except admit Roach submitted an affidavit of income on December 12, 2018 and NYCHA adjusted her rent to $425.00; and aver the new rent was based only on Roach's aunt's social security benefits.

122. Deny the allegations in paragraph 163, except admit NYCHA issued Roach a $2,555.00 credit, which represented a retroactive adjustment to August 1, 2018; and aver Roach was not entitled to this retroactive credit.

123. Deny the allegations in paragraph 164, except admit NYCHA and Roach entered into a stipulation in Housing Court in which Roach agreed she owed $21,777.82 and would pay $21,777.82 on or before January 31, 2019.

124. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165.

125. Deny the allegations in paragraphs 166 through 168.

*David Bell*

126. Deny the allegations in paragraphs 169 and 170, except admit Bell resides in a zero-bedroom apartment at 2175 Lacombe Avenue, Apartment 1E, in a public housing development, and, on information and belief, he is the only occupant of the apartment.

127. Deny the allegations in paragraphs 171 and 172, except admit Bell requested a

rent grievance; and aver management afforded Bell a rent grievance, concluded his rent was properly calculated, and issued a Project Grievance Summary on December 11, 2017.

128.     Deny the allegations in paragraph 173, except admit Bell's employment income increased in 2018 and his rent increased to $1,087.00 effective February 1, 2019.

129.     Deny the allegations in paragraph 174, except admit NYCHA commenced a nonpayment proceeding against Bell in Housing Court.

130.     Deny the allegations in paragraph 175, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the circumstances of Bell's retention of Bronx Legal Services.

131.     Deny the allegations in paragraphs 176 through 180, except admit Bell's counsel submitted a letter requesting a rent grievance dated March 14, 2019 and the Housing Court proceeding was adjourned.

132.     Deny the allegations in paragraphs 181 and 182, except admit Bell recertified his income in 2019.

133.     Deny the allegations in paragraphs 183 and 184, except admit the housing court dismissed the nonpayment proceeding without prejudice.

134.     Deny the allegations in paragraphs 185 through 187, except admit Bell submitted documents showing a reduction in income beginning in September 2019.

135.     Deny the allegations in paragraphs 188 and 189.

***Rose Middleton***

136.     Deny the allegations in paragraph 190, except admit Middleton resides at 105 Astoria Blvd., Apartment 1D, in a public housing development in Queens.

137.    Deny the allegations in paragraph 191, except admit she has resided in the apartment for 19 years and she resides with her son, daughter, grandson, and mother.

138.    Deny the allegations in paragraphs 192 and 193, except admit management mailed Middleton a letter in February 2019 informing her she had failed to submit her 2018 affidavit of income or other documents needed to complete her 2018 annual recertification and requesting that she submit the missing documents to management; and aver Middleton had not timely submitted her 2018 annual review papers.

139.    Deny the allegations in paragraph 194, except admit management issued Middleton a lease addendum and rent notice in August 2019 and her rent increased from $813.00 to $1,847.00 effective October 1, 2019.

140.    Deny the allegations in paragraphs 195 through 199, except admit Middleton requested a rent grievance and met with the Property Manager about her rent grievance on December 18, 2019, the Property Manager issued Middleton a Project Grievance Summary, and the Project Grievance Summary advised Middleton she could request further review.

141.    Deny the allegations in paragraphs 200 through 202, except admit Middleton requested a second-step rent grievance and attended a meeting to discuss her rent grievance at the Queens Borough Office on January 27, 2020.

142.    Deny the allegations in paragraph 203, except admit management issued Middleton a lease addendum and rent notice in February 2020 notifying Middleton that her new rent would be $1,889.00 effective April 1, 2020.

143.    Deny the allegations in paragraph 204, except admit Middleton submitted documentation showing she was receiving unemployment benefits in March 2020 and requested

an interim change based on her loss of employment.

144.    Deny the allegations in paragraph 205, except admit management notified Middleton on February 25, 2020 that it was considering bringing charges against her tenancy for chronic rent delinquency.

145.    Deny the allegations in paragraph 206, except admit Middleton's arrears exceeded $8,418.37 in February 2020; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Middleton's application for a one-shot deal.

146.    Deny the allegations in paragraph 207, except admit in March 2020 Middleton submitted documentation showing she was receiving unemployment benefits.

147.    Deny the allegations in paragraph 208, except admit Middleton requested a third-step administrative hearing; and aver NYCHA has been unable to schedule administrative hearings during the Covid crisis.

148.    Deny the allegations in paragraph 209.

149.    Deny the allegations in paragraph 210, except admit HRA approved a one-shot grant in May 2020.

150.    Deny the allegations in paragraph 211, except admit management issued Middleton a lease addendum and rent notice in May 2020 notifying Middleton that her new rent would be $2,008.00 effective September 1, 2020.

151.    Deny the allegations in paragraphs 212 through 215.

***Thania Acosta***

152.    Deny the allegations in paragraphs 216 and 217, except admit Acosta resides at 154 Avenue D, Apartment 4C, in Jacob Riis Houses, a public housing development in

Manhattan; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether one of her children has been diagnosed with autism.

153. Deny the allegations in paragraph 218, except admit Acosta's rent was $1,039.00 in October 2018.

154. Deny the allegations in paragraphs 219 through 222, except admit a nonpayment proceeding was pending against Acosta in Housing Court in October 2018.

155. Deny the allegations in paragraphs 223 through 226, except admit the nonpayment proceeding was repeatedly adjourned.

156. Deny the allegations in paragraphs 227 and 228, except admit Acosta was partially evicted and NYCHA restored her to possession the following day; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the circumstances of her retention of Manhattan Legal Services.

157. Deny the allegations in paragraph 229, except admit NYCHA issued a lease addendum in notifying Acosta that her new rent would be $1,578.00 effective September 1, 2020; and aver Acosta has not submitted documentation to management verifying that two of her children have vacated her household.

158. Deny the allegations in paragraphs 230 and 231.

## JURY DEMAND

159. Deny the allegations in paragraph 232, except admit Plaintiffs demand a jury trial.

<u>**CLAIMS FOR RELIEF**</u>

**I.**     **VIOLATION OF THE BROOKE AMENDMENT TO THE UNITED <u>STATES HOUSING ACT</u>**

160.     Answering paragraph 233, Defendants repeat and re-allege their responses to the allegations set forth in paragraphs 1 through 232 of the First Amended Complaint as if fully set forth here.

161.     Deny the allegations in paragraph 234.

162.     Deny the allegations in paragraph 235.

163.     Deny the allegations in paragraph 236.

**II.**     **VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14th <u>AMENDMENT OF THE U.S. CONSTITUTION</u>**

164.     Answering paragraph 237, Defendants repeat and re-allege their responses to paragraphs 1 through 236 of the First Amended Complaint as if fully set forth here.

165.     Deny the allegations in paragraph 238.

166.     Deny the allegations in paragraph 239.

167.     Deny the allegations in paragraph 240.

**III.**     **VIOLATION OF STATE LAW BASED ON NYCHA'S FAILURE TO <u>FOLLOW ITS OWN WRITTEN POLICIES</u>**

168.     Answering paragraph 241, Defendants repeat and re-allege their responses to paragraphs 1 through 240 of the First Amended Complaint as if fully set forth here.

169.     Deny the allegations in paragraph 242, except admit Plaintiffs purport to seek the relief stated therein.

170.     Deny the allegations in paragraph 243.

## AS AND FOR A FIRST DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

Any claim under 42 U.S.C. section 1983 fails because any alleged deprivation of rights was not caused pursuant to a policy statement, ordinance, regulation, practice, pattern, custom, or decision officially promulgated by NYCHA's officers.

## AS AND FOR A THIRD DEFENSE

The First Amended Complaint is barred in whole or in part by the applicable statutes of limitation.

## AS AND FOR A FOURTH DEFENSE

This Court lacks subject matter jurisdiction over certain of Plaintiffs' claims, including to the extent the First Amended Complaint alleges or seeks to challenge NYCHA's administrative determinations or calculations to be reviewed under Article 78 of the New York Civil Practice Law and Rules ("CPLR").

## AS AND FOR A FIFTH DEFENSE

NYCHA's policies are consistent with federal law, including the Brooke Amendment to the United States Housing Act and applicable federal regulations, and NYCHA did not violate its policies, the Housing Act, or federal regulations with respect to Plaintiffs.

## AS AND FOR A SIXTH DEFENSE

Federal regulations afford public housing agencies the discretion to adopt policies prescribing when and under what conditions the family must report a change in family income or composition.

## AS AND FOR A SEVENTH DEFENSE

Consistent with its policies, NYCHA afforded Plaintiffs due process, and, in addition, a proceeding under Article 78 of the CPLR and proceedings in Housing Court also afford Plaintiffs due process.

## AS AND FOR AN EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by claim or issue preclusion.

## AS AND FOR A NINTH DEFENSE

Plaintiffs' claims are, in whole or in part, moot.

## AS AND FOR A TENTH DEFENSE

Plaintiffs' claims are barred, at least in part, by their failure to exhaust administrative remedies.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiffs are not entitled to the injunctive relief they seek because, among other things, the injunctive relief they seek violates federal regulations, Plaintiffs are not entitled to the ultimate relief they seek under the guise of preliminary injunctive relief, and Plaintiffs are not entitled to injunctive relief absent satisfying their own tenancy obligations.

## AS AND FOR A TWELFTH DEFENSE

Estoppel may not be invoked against a governmental agency in the discharge of its duties, including its duty, in accordance with federal regulations, to assure the prompt payment and collection of rent and the prompt processing of evictions in the case of nonpayment of rent.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiffs' claims are barred, at least in part, by waiver.

## AS AND FOR A FOURTEENTH DEFENSE

Plaintiffs are not entitled to damages or attorney's fees.

**WHEREFORE**, Defendants respectfully request judgment dismissing the First Amended Complaint in its entirety with prejudice and such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 13, 2020

LISA BOVA-HIATT
Executive Vice President for
Legal Affairs and General Counsel
New York City Housing Authority
Attorney for Defendants
90 Church Street, 11th Floor
New York, NY 10007
Tel. No.: (212) 776-5183
Fax No.: (212) 776-5404

By:  /s/  *Andrew M. Lupin*
Andrew M. Lupin, Of Counsel
Andrew.lupin@nycha.nyc.gov